

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2006

# Okpor v. Rutgers Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Okpor v. Rutgers Univ" (2006). *2006 Decisions.* Paper 450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5301
_____

MICHAEL OKPOR,
                                    Appellant
vs.

RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00129)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2006
Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>
(Filed September 15, 2006)

_____

OPINION
_____

PER CURIAM.

Michael Okpor appeals the District Court's entry of summary judgment in

favor of Rutgers, The State University of New Jersey.  For the reasons that follow, we

will affirm.

1

In January of 2002, Okpor was dismissed from Rutgers undergraduate School of Business, after his grade-point average fell below the required minimum of 2.0. In January of 2004, Okpor filed suit against Rutgers in the Chancery Division of the Superior Court of New Jersey, alleging that by denying his applications to retroactively withdraw from certain courses without academic penalty following his involvement in multiple car accidents and, ultimately, dismissing him, Rutgers violated his right to procedural due process under 42 U.S.C. § 1983. He filed an amended complaint in March of 2004, adding a count of negligence, and later sought to amend his complaint a second time in order to add claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act. On December 17, 2004, the Civil Law Division of the Superior Court of New Jersey heard oral argument on Okpor's motion to amend his complaint and Rutgers' motion for summary judgment. The court issued a ruling from the bench, denying Okpor's motion to amend and granting Rutgers' motion for summary judgment based on its conclusion that Okpor had failed to file the required 90-day notice under the Tort Claims Act and that he had not filed his civil rights action within the applicable two year statute of limitations. Okpor sought reconsideration of the Superior Court's decision and then appealed to the New Jersey Superior Court Appellate Division.

On January 10, 2005, while Okpor's motion for reconsideration was pending in Superior Court, he filed the instant action in the United States District Court

for the District of New Jersey. In this action, Okpor alleged that Rutgers violated his right to procedural due process under 42 U.S.C. § 1983, committed unspecified violations of 42 U.S.C. §§ 1981, 1985 & 1986, engaged in breach of contract, and violated the covenant of good faith and fair dealing. Rutgers moved to dismiss the action or, in the alternative, for entry of summary judgment in its favor, arguing that these claims had already been or should have been raised in state court, and that the Full Faith and Credit Clause of the United States Constitution and the doctrines of issue and claim preclusion bar Okpor from litigating these claims in federal court.

The District Court converted Rutgers' motion into one for summary judgment and granted it. The Court held that because Okpor's § 1983 claims had already been dismissed with prejudice in state court, and because he presented no facts in support of his claims that were not already addressed in the state court proceeding, he was barred from litigating his § 1983 claims in federal court by the Full Faith and Credit Clause, New Jersey's entire controversy doctrine, and the principles of res judicata. The Court further held that Okpor failed to state a cause of action pursuant to 42 U.S.C. § 1981, which bars racial discrimination in the making and enforcement of contracts and property transactions, and provided no evidence to support his claims that Rutgers violated his rights pursuant to 42 U.S.C. §§ 1985 & 1986, which protect individuals from deprivations of rights committed by either private or state actors as part of a conspiracy. Because Okpor's § 1983 action had already been adjudicated in state court, and because Okpor had

3

otherwise failed to state a federal claim, the District Court declined to exercise supplemental jurisdiction over Okpor's state law claims.

Okpor then filed a motion for reconsideration, submitting letter certifications from two individuals who claimed to have overheard racially discriminatory comments made about Okpor by certain agents or employees of Rutgers. The District Court held that neither of the letter certifications constituted "newly discovered evidence" because both letters explicitly stated that Okpor was made aware of the allegations contained in the certifications in 2001. Thus, the facts contained within them could have been presented to the state court when Okpor's original action was filed and, therefore, they would not justify reconsideration of the Court's August 23, 2005 order. Okpor then appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).

Under the principles of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 96 (1980). In the case

4

where a federal action follows a state action, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." See id. (citing the Full Faith and Credit Act, 28 U.S.C. § 1738). Thus, if New Jersey state courts would give preclusive effect to the Superior Court's 2004 decision, we must do so as well.

New Jersey follows the "entire controversy doctrine," as codified in Rule 4:30A of the Rules Governing Civil Practice in the Superior Court, Tax Court and Surrogate's Courts. As explained by the Supreme Court of New Jersey, the doctrine is based on the principle that "the adjudication of a legal controversy should occur in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995) (quoting Cogdell v. Hospital Ctr., 560 A.2d 1169 (N.J. 1989)). Successive claims are deemed to constitute a single controversy for purposes of the entire controversy doctrine when the claims arise from "related facts or the same transaction or series of transactions." Id.

In the present case there can be no doubt that a single controversy is at issue. Okpor either raised or could have raised all of the claims contained in his federal complaint and amendments thereto in his state court action. All of these claims arise from the same set of facts – the denial by Rutgers of his applications to retroactively withdraw from certain courses without academic penalty following his involvement in

5

multiple car accidents, and his dismissal from Rutgers in January of 2002. Okpor does not allege any facts in his federal complaint which were not within his knowledge at the time he initiated his state court action. Accordingly, as Okpor would be barred from litigating or relitigating his §§ 1981, 1983, 1985, 1986, breach of contract, and covenant of good faith and fair dealing claims in state court, he is likewise barred by the principles of <u>res judicata</u> and by the Full Faith & Credit Act from litigating them in federal court. We therefore conclude that the District Court properly entered summary judgment in favor of Rutgers and denied Okpor's motion for reconsideration.

In his appellate briefs, Okpor argues for the first time that the District Judge should have recused herself from this action given her close ties with Rutgers. In support of this contention, Okpor cites Judge Wolfson's hiring of judicial interns from Rutgers School of Law, of which she is an alumnus, and her husband's employment by the State Attorney General's Office, which, like Rutgers, is a government entity. 28 U.S.C. § 455 requires a federal judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." The circumstances cited by Okpor would not cause "a reasonable man knowing all the circumstances . . . [to] harbor doubts concerning the judge's impartiality." <u>United States v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983). Accordingly, we conclude that Judge Wolfson did not err in failing to recuse herself.

For the reasons stated herein, we will affirm.[1]

---

[1] Appellant's motion for the appointment of counsel is denied.